CULPEPPER, Judge.
This is a suit for the balance due under a contract pursuant to which plaintiff furnished engineering services to defendant. Defendant, a nonresident corporation, filed an exception to the court’s jurisdiction in personam, which was sustained by the district judge. Plaintiff appealed.
The issue is whether Louisiana has jurisdiction in personam over the defendant under our Long Arm Statute, LSA-R.S. 13:3201, which provides in pertinent part that “A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s (a) transacting any business in this state
There is no dispute as to the facts. The defendant, Independent Indonesian American Petroleum Company, is a corporation organized under the laws of the State of Delaware, with its principal office and place of business in San Francisco, California. Its principal business is exploration for and production of petroleum products in Indonesia. In connection with this work, defendant needed operational engineers. It contacted plaintiff, Drilling Engineering, Inc., a Louisiana corporation with offices in Lafayette, whose business is furnishing such engineers.
Mr. Paul C. Smith, Jr., defendant’s vice-president in charge of production, went to Lafayette, Louisiana, where he met with Mr. David G. Williams, plaintiff’s president, on one occasion for two or three hours. During this conference the parties agreed generally on the terms and conditions of the contract by which plaintiff was to furnish engineering services to defendant for the sum of $150 per day per engineer plus expenses, with the understanding that the agreement would later be reduced to writing and signed.
Thereafter, the agreement was written in Louisiana by Mr. Williams in letter form and mailed to Mr. Smith in San Francisco, California for approval. Mr. Smith made a change in the agreement so as to provide that defendant would carry workmen’s compensation insurance on the engineers according to California law. With this change, Mr. Smith signed the agreement and mailed it back to Lafayette, Louisiana, where it was signed by Mr. Williams on behalf of plaintiff.
During the next several months, plaintiff sent engineers from Lafayette, Louisiana, to Indonesia, where they performed for defendant services stipulated in the contract. Certain payments were made under the contract by checks of defendant mailed from California to plaintiff’s office in Lafayette. Plaintiff filed this suit alleging there is a balance of $5,400 due and unpaid.
The defendant is not authorized to do business in Louisiana, has never had an office or place of business in Louisiana and has never had any agents or representatives in Louisiana, except for the visit made by Mr. Smith to Lafayette to negotiate the agreement sued on. Furthermore, none of the services furnished under the contract were performed in Louisiana. The engineers did all of their work in Indonesia.
In the original contract, defendant agreed to forward to plaintiff in Louisiana plane tickets for the necessary travel of the engineers to Indonesia and also to reimburse personal travel expenses for these trips. However, this part of the contract was not followed. Plaintiff actually furnished the plane tickets for its engineers and invoiced defendant for these and other travel expenses.
The contract pertinently provides that the engineers would be paid at the rate of $150 per day, “the time to begin upon leaving Lafayette, and upon returning to Lafayette, Louisiana for each engineer.”
' In addition to the engineering services furnished in Indonesia under the contract, a special study of its drilling and operational problems was requested by defendant *287 and these services were performed in defendant’s office in Lafayette.
Our Long-Arm Statute, LSA-R.S. 13:-3201 provides as follows:
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
“(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
(e) having an interest in, using, or possessing a real right or immovable property in this state.”
Plaintiff does not contend that subsections (b), (c), (d) or (e) of the statute are applicable. The sole contention is that under subsection (a) the cause of action sued on arises from defendant’s “transacting any business in this state.”
Plaintiff emphasizes the comments of the Louisiana Law Institute under LSA-R.S. 13:3201 that its purpose is to permit the courts of this State to tap the full potential of jurisdiction in personam over nonresidents permitted by International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). A discussion from 27 A.L.R.3d 428 is quoted to support the proposition that a long-arm statute requiring only transacting “any” business is broader than one requiring “doing business”, and that “any” business could consist of a single isolated business transaction.
Appellant cites Aucoin v. Hanson, 207 So.2d 834 (La.App., 3rd Cir. 1968) in which a Louisiana plaintiff sought to recover the purchase price of a defective horse bought from a Mississippi seller. The facts showed that the Mississippi defendant had engaged in non-related Louisiana racing and horse breeding activities. Plaintiff first became interested in buying the mare through a Louisiana horse trainer, who had formerly worked for the Mississippi seller. This horse trainer communicated to defendant in Mississippi plaintiff’s desire to buy a horse. Defendant made a long distance call to plaintiff in Louisiana, in which they agreed on the sale. The mare was delivered from Mississippi to the plaintiff in Louisiana. There was a forceful dissent arguing that defendant did not have sufficient contact with Louisiana, but the majority held this state had jurisdiction.
Although the court in Aucoin v. Hanson found jurisdiction under subsection (a) of the statute, the author of the article in 29 La. Law Review 271-276 (now Justice Tate of our Supreme Court) points out that the decision could as well, or perhaps better, have been based on subsection (b) of the statute, which grants jurisdiction as a result of defendant’s “contracting to supply services or things in this state.” A majority of our Supreme Court has consistently recognized that for jurisdictional purposes there is a distinction between a business transaction in which the nonresident is the seller and one in which he is the buyer, Riverland Hardwood Company v. Craftsman Hardwood Lumber Company, 259 La. 635, 251 So.2d 45 (1971); Fisher v. Albany Machine & Supply Company, 261 La. 747, 260 So.2d 691 (1972). These cases hold that more Louisiana “contacts” are required for our courts to find jurisdiction over a nonresident who buys in Louisiana than a nonresident who sells in Louisiana. The rationale *288 is that “traditional notions of fair play” (a term used in the International Shoe Company case) are not so much offended by taking jurisdiction over a nonresident seller who accepts the risk of engaging in interstate business and should contemplate the use of the laws of the states where he sells, in any action arising out of the sale. The most common action of this type is products liability.
Aucoin v. Hanson, supra, and the other cases cited by plaintiff dealing with products liability, are distinguished. Those cases involved factual situations in which the defendant was a nonresident supplier of services or seller of goods. In the present case, the nonresident defendant purchased services from the Louisiana plaintiff. More contacts with Louisiana are required to find jurisdiction over this nonresident purchaser of services.
The closest case revealed by our research is Babineaux v. Southeastern Drilling Corporation, 170 So.2d 518 (La.App., 3rd Cir. 1965), writ refused, 247 La. 613, 172 So.2d 700, for the reason “The ruling on the plea to the jurisdiction in personam is correct.” Plaintiff sought workmen’s compensation from three affiliated corporations and their insurers for a disabling injury received while working on an offshore drilling rig in the Persian Gulf off Kuwait. Defendants excepted to the personal jurisdiction of the Louisiana court on the grounds that they were foreign corporations not licensed to do business in Louisiana and had never done any business in this state. The issue was whether under LSA-R.S. 13:3471(1) the defendants had sufficient minimal contacts with Louisiana under the cited statute which provides for service of process on a foreign corporation which “has engaged in a business activity in this state.” This is another of our Long Arm Statutes.
The facts in Babineaux showed that defendants advertised in a Lafayette, Louisiana newspaper to solicit workers for offshore drilling in the Persian Gulf. Applicants were instructed to appear at a Lafayette motel for interviews during a 3-day period. Babineaux and several others applied, were interviewed and sent to Dallas, Texas for further interviews. Plaintiff brought his contract back to Louisiana where he signed it after talking to his wife. Babineaux was then sent to New Orleans for a physical examination and in-noculations. Plane tickets and travel expense were furnished for the trip from New Orleans to Kuwait. The rig on which plaintiff worked in Kuwait was purchased and assembled in New Orleans, Louisiana.
The majority in Babineaux relied also on the convenience and inconvenience to the parties of a suit in Louisiana. Two of the defendant corporations were chartered under the laws of Panama and had no offices in the United States. The other defendant had offices in Texas, but a suit there would probably also have been met by the defense of lack of personal jurisdiction in Texas.
Babineaux was a close case, decided finally by a decision of the United States Supreme Court that the case be dismissed on the grounds that no substantial federal question was presented, 382 U.S. 16, 86 S.Ct. 67, 15 L.Ed.2d 12. Although the present case is similar to Babineaux in several respects, it is apparent that in Ba-bineaux there were more contacts with Louisiana. Here, there was no advertising in local newspapers, no interviews with prospective furnishers of services and no showing of any other business in this state, such as the purchase and assembling of the drilling rig in Babineaux.
Furthermore, in Babineaux, there were strong factors of fairness and justice in plaintiff’s favor expressed by the court as follows:
“The plaintiff is domiciled in Louisiana. He was recruited while a resident here. He is now disabled in this state. He needs medical attention here in his Louisiana domicile. A distant forum, in Kuwait or in Panama or even in Texas, *289 places him at an obvious disadvantage. It is one which Louisiana no longer is required by the federal constitution to force him to endure, since his cause of action for his disability arises as a consequence of his employers’ substantial business activity in Louisiana to employ him for the work in which he was injured.”
The plaintiff in the present case is not a disabled Louisiana employee. It is a corporation engaged in the business of furnishing engineering services both in and outside Louisiana. Under the rationale of the Riverland case, plaintiff assumed the risk of suits in foreign states arising out of services furnished outside Louisiana to nonresidents who have no contact with Louisiana except a single contract to procure these services.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.