273 So.2d 284 (1973)
Hollis E. MOORE and Clellie Balton Moore
v.
CENTRAL LOUISIANA ELECTRIC COMPANY, INC., et al.
No. 52310.
Supreme Court of Louisiana.
February 19, 1973.
*285 J. Minos Simon, Lafayette, for plaintiffs-applicants.
Dubuisson & Dubuisson, William A. Brinkhaus, Opelousas, Breazeale, Sachse & Wilson, Henry D. Salassi, Jr., Baton Rouge, for defendants-respondents.
DIXON, Justice.
The trial court upheld declinatory exceptions dismissing plaintiffs' suit against two nonresident defendants, Sig Manufacturing Company and Sterling Models. The Court of Appeal affirmed, 257 So.2d 702, and we granted writs.
On June 13, 1968 Michael Bruce Moore, age fourteen was flying a model airplane on the property of Clement Gautreaux when the airplane made contract with high voltage lines owned by Central Louisiana Electric Company, Inc. and located on Gautreaux's land. Electricity was conducted through the metal control lines of the model to young Moore causing him serious and painful injuries which resulted in his death nine days later. Moore's parents brought suit against Clement Gautreaux; Central Louisiana Electric Company, Inc. and its insurer, Continental Casualty Company; M. R. C. Enya Company, Inc., manufacturer of the motor which propelled the model; Sterling Models, manufacturer or distributor of the model airplane; and Sig Manufacturing Company, manufacturer of the metal control lines.
Neither Sig Manufacturing Company, an Iowa entity, nor Sterling Models, a Pennsylvania entity, was registered to do business in Louisiana. Hence, plaintiffs sought to subject both of them to the personal jurisdiction of the Louisiana courts by serving them pursuant to Louisiana's long arm statute, R.S. 13:3201 (1964). Both Sig Manufacturing Company and Sterling Models filed declinatory exceptions alleging that *286 the Louisiana courts lacked jurisdiction over the person of defendants.
The only evidence before the trial court, upon which it based its conclusions that there was no jurisdiction over the defendants, consisted of an affidavit by L. Glen Sigafoose, president of Sig Manufacturing Company, answers to interrogatories directed to Sterling Models, and a deposition of the president of Sterling Models, Edward Manulkin.
These nonresidents have received actual notice of the pending litigation, having been served pursuant to the requirements of the Louisiana long arm statute. R.S. 13:3204.
Defendants argue that the provisions of the Louisiana long arm statute do not make them amenable to service; and that, if the statute is so interpreted, there would be an unconstitutional denial of due process because of the absence of required minimal contacts (International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95) to support jurisdiction over the persons of the defendants.
In Louisiana jurisdiction over the person may be based upon service of process on the defendant. See, C.C.P. 6(1); Introductory Comment, Book I, Title I, Louisiana Code of Civil Procedure. Unless the record indicates the inadequacy of the service because of noncompliance with the statutes, or because of constitutional infirmity, Louisiana courts have obtained personal jurisdiction over these defendants.
The meager evidence in the record is principally negative. These defendants contend that they do not do many things which business entities could do in Louisiana. However, Sig Manufacturing Company solicits business by national advertising. Its president stated: "As a result of the national advertising carried on by the company, some direct sales are made by the company to individuals and dealers in the State of Louisiana." Sales are completed by the delivery of merchandise from a warehouse located outside the State of Louisiana.
Sterling Models sold $6,609.72 worth of merchandise in Louisiana from 1966 through 1970. Its principal customer was a distributor in New Orleans. Prior to 1969, there was another distributor in New Orleans to whom sales were made. Other mail order shipments direct to customers in that period would have totaled less than $100.00. Sterling Models advertises its products in national magazines, and the sales of its products, kits for working models of planes and boats, were made through this advertising or by "word of mouth" advertising. Sterling Models was located in Pennsylvania, but its products were intended to be distributed in states other than Pennsylvania.
We find no impediment to the exercise of jurisdiction over these nonresident defendants, either under our statutes or under the due process requirements of the United States Constitution. R.S. 13:3201(d) provides that Louisiana courts may exercise jurisdiction over a nonresident as to a cause of action arising from the nonresident's causing injury or damage in Louisiana by an act or omission outside Louisiana if the defendant regularly does business, or solicits business, or engages in any other persistent course of conduct in this State.[1]
*287 We find that both Sterling Models and Sig Manufacturing Company regularly do business in the State of Louisiana, and regularly engage in a persistent course of conduct in this State. They manufacture articles intended to be sold and distributed in states reached by national advertising and by the reputation of their products. Sterling Models actually does business in Louisiana by its regular and substantial sales to a distributor, not to mention its mail order practice. Sig Manufacturing Company intends to sell in Louisiana through national advertising, and does sell in Louisiana.
We do not understand that subjecting these defendants to the jurisdiction of the Louisiana courts offends traditional notions of fair play and substantial justice. Fisher v. Albany Machine and Supply Company, 261 La. 747, 260 So.2d 691; International Shoe Company v. Washington, supra; McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223.
Before us, Sterling Models argues that it is now incorporated and has been incorporated since January of 1969. A citation was served on "Sterling Models" in June of 1969. In the deposition of the president of Sterling Models, Inc., he states that his partner was his wife, who is now the only other shareholder. Nowhere in the deposition nor in the answers to interrogatories is it stated that the partnership, Sterling Models, has terminated. The pleading filed by Sterling Models, the declinatory exception to the jurisdiction, states:
"NOW INTO COURT, through undersigned counsel, comes STERLING MODELS, a partnership domiciled in the State of Pennsylvania, ..."
The exception further alleges that the partnership is composed of Edward and Sylvia Manulkin who are domiciled in Pennsylvania, and that no agent for service of process has been appointed for the partners nor for the partnership in Louisiana.
The only basis for the declinatory exception is the nonresidence of Sterling Models, a partnership. However, that entity is properly before the court. Service on a partnership is made by service on a partner. C.C.P. 1263. A partnership has the capacity to be sued in its partnership name. C.C.P. 737.
Whether the partnership has been succeeded by a corporation, and whether that corporation may be liable for obligations incurred by the partnership are not matters properly before us under the declinatory exception filed in this case. We make no finding as to the jurisdiction over entities not named and not served.
For these reasons, the judgment of the Court of Appeal is reversed and the declinatory exceptions of Sterling Models and Sig Manufacturing Company are overruled, at their cost.
NOTES
[1] Our source of the Louisiana long arm statute was the Proposed Uniform Interstate and International Procedure Act. The Commissioner's Note to Uniform Interstate and International Procedure Act, § 1.03(a)(4), Volume 9B U.L.A. states:

"Section 1.03(a)(4) authorizes the exercise of jurisdiction when the tortious act or omission takes place without the state but the injury occurs within the state and there is some other reasonable connection between the state and the defendant. For a similar approach, see Wis.Stat.Ann. tit. 25, § 262.05(4). The rule is more restrictive than the Illinois statutes, as interpreted in Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961), and the Michigan statute (Mich. Stat.Ann. §§ 27A.705, 27A.715, 27A.725, 27A.735 [M.C.L.A. §§ 600.705, 600.715, 600.725, 600.735]). A sufficient nexus exists if (a) the defendant regularly advertises his products or services in the state or (b) carries on some other continuous course of activity there or (c) derives substantial revenue from goods used or consumed or from services rendered in the state. It is not necessary that this activity amount to the doing of business."