EDWARDS, Judge.
Plaintiff-appellant, Herschel C. Adcock appeals from the final judgment of the trial court signed on December 2, 1975 in favor of defendants, Surety Research & Investment Corp., Charles R. Johnson, Don. C. Gunnell, Robert Burton and James R. Halford, upholding the defendants’ exceptions of lack of jurisdiction in person-am, and dismissing plaintiff’s suit.
Our review clearly convinces us that the able trial judge correctly analyzed the factual evidence and has correctly applied the law. We affirm, and we adopt his well written reasons for judgment as the basis for this opinion.
Judge McGehee wrote:
“This is a suit by plaintiff for legal services in connection with an agreement of April 4, 1973 (see exhibit P-1), which was a contract between Horace B. Wom-ack, a resident of Louisiana, and Surety Research and Investment Corporation, a Nevada corporation with its principal office in California. Also parties to the agreement were defendants, Don C. Gun-nell, Robert Burton, James R. Halford and Charles E. Johnson, all residents of California.
“The parties agreed to form a Nevada corporation to develop a condominium project in that state.
“Plaintiff, alleging that the project is under construction and that fees provided in the contract are due him, filed suit against Womack, Surety Research and Investment, and the four California residents, asserting jurisdiction over the Nevada corporation and the California residents under R.S. 13 ¡3201, et seq. (the long-arm statute).
“This matter is before the Court on a declinatory exception based on (1) insufficiency of service of process, and (2) lack of jurisdiction in personam filed by the defendants, Gunnell, Burton and Halford, and on an exception of lack of jurisdiction in personam filed by the defendants, Surety Research and Johnson.
“The Court has considered the documentary evidence offered together with the testimony of Mr. Nicholas J. Fitch, a Las Vegas real estate broker, and both the live *267 testimony and deposition of the plaintiff, Mr. Adcock.
“The facts found are as follows:
“During the latter part of March, 1973, plaintiff accompanied his client, Defendant Womack, to Las Vegas for a discussion of the business venture. Surety Research had deposited certain sums of money to obtain land and financial commitments. The California defendants who were stockholders of Surety Research were to individually guarantee the financing and Womack was to supervise construction. Shortly after arriving in Las Vegas, the parties learned that the right to purchase the land to be involved had been lost. After some further negotiations a decision was reached that Mr. Fitch would attempt to locate an alternate site so that the project and the rather substantial sums of money advanced by Surety Research could be salvaged.
“An alternate site was selected, and on April 3, 1973, Mr. Johnson came to Baton Rouge to meet with plaintiff and Mr. Womack. On April 4, 1973, the agreement (P-1) was drafted in Mr. Womack’s office in Baker, Louisiana, and executed by Womack and Johnson, individually and as president of Surety Research. The document was then taken to Los Angeles and executed the following day by Defendants Gunnel, Burton and Halford.
“A close examination of plaintiff’s testimony, and particularly pages 12 and 13 of his deposition, reveals that the role of plaintiff in the project was not altered at the Baton Rouge meeting. His position was the same as that agreed upon in Las Vegas earlier. The parties had even commenced the preparation of the document in Las Vegas which was interrupted by the decision to check on the status of the property. Defendants did not either personally or through their agent come to Baton Rouge and seek plaintiff out in order to employ him. The drafting and clerical tasks involved in reducing the agreement to writing were accomplished in Baton Rouge after having been interrupted in Las Vegas.
“The pertinent provision of Louisiana law is found in R.S. 13:3201 (a) which provides :
“A Court may exercise personal jurisdiction over a nonresident who acts directly or by an agent, as to a course of action arising from the nonresident.
“(a) transacting any business in this State.”
“In attempting to determine the meaning of the phrase “transacting any business in this state”, the Court notes that Comment (a) states that this Long-Arm Statute was “adopted ... to permit the courts of this state to tap the full potential of jurisdiction in personam over nonresidents permitted by International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1157 (1945); and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)”.
Comment (d) of R.S. 13:3201 sets forth the proposed meaning of “transacting business” :
“It is intended to mean a single transaction of either interstate or intrastate business, and to be as broad as the phrase ‘engaged in a business activity’.”
“The principal consideration herein is whether or not extending the jurisdiction in personam of this Court to these defendants would be a denial of due process. Guidelines involved in this determination are set forth in the two United States Supreme Court Cases cited above, International Shoe and McGee. The Court has considered these cases and, in addition thereto, the case of Hanson v. Denckla, 357 U.S. 325, 78 S.Ct. 1228, 2 L.Ed.2d 1283, wherein the Court citing the International Shoe case stated:
“The unilateral activity of those who claim some relationship with a non-resi *268 dent defendant cannot satisfy the requirement contact with the forum State. The application of that rule will vary with the quality and nature of the defendant’s activity but it is essential in each case that there be some act by which the defendant purposefully avails itself o-f the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its law. International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 159, 90 L.Ed. 95.”
“We have here basically a case involving a business transaction based upon a contract for services confected in Nevada and performed in Baton Rouge, Las Vegas, Carson City, Memphis and Cedar Rapids, Iowa.
“The facts warrant a conclusion that these defendants did not have sufficient contacts in Louisiana to subject them to the jurisdiction of this Court. Although plaintiff relies heavily on the Louisiana Supreme Court case of Drilling Engineering, Inc. v. Independent Indoneasian American Petroleum Company, 283 So.2d 687, a close examination of the facts in that case distinguish it drastically from the facts here. There the defendant came to Louisiana and sought out the plaintiff initially and confected the employment agreement in Lafayette. This Court must conclude that the defendants did not transact business in this state within the meaning of R.S. 13¡3201(a). To subject the defendants to the jurisdiction of the Louisiana court would deny them due process of law and offend “the traditional notions of fair play and substantial justice.” Therefore, the exceptions to jurisdiction filed on behalf of the defendants, Charles Johnson, Surety Research and Investment Corporation, Don C. Gunnell, Robert Burton, and James R. Halford, will be sustained and, accordingly, the petition of plaintiff will be dismissed at plaintiffs cost as to these defendants only.
“This decision renders unnecessary a consideration of the exception of insufficiency of service of process filed on behalf of the defendants, Gunnell, Burton and Halford.”
The decision of the trial court is affirmed. Plaintiff appellant is to pay all costs.
AFFIRMED.