SWIFT, Judge.
Although relator’s application for a writ of certiorari was originally denied by us for failure to show an irreparable injury, it has now been granted in compliance with an order of our supreme court. 381 So.2d 1245 (La.1980) Thus, we are called upon to review an interlocutory decree of the district court overruling the relator’s declinatory exception to jurisdiction over its person.
The plaintiff-respondent, Robert Thibo-deaux, a Louisiana resident, brought suit against King-Wilkinson, Inc., defendant-relator, a Texas corporation, for some back wages allegedly due under an employment contract between the parties for work in Scotland. It has not qualified to do business in Louisiana nor has it appointed an agent for service of process. Service was made under LSA-R.S. 13:3201 et seq. As the basis for its exception, defendant contends it has not had sufficient contacts within Louisiana to be considered as transacting business within the meaning of our Long Arm Statute and therefore it cannot be subjected to the jurisdiction of a Louisiana court through service of process thereunder.
It should be noted at the outset that the question of the applicability of the Long Arm Statute is a question of fact, the determination of which must rest on the particular circumstances of each case. Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Company, 283 So.2d 687 (La.1973).
Basically, the trial judge found the facts in the instant case to be as follows:
“Plaintiff stated he met a friend in Eunice working for the defendant in Scotland. The friend suggested possible employment with defendant, upon which the plaintiff responded favorably. Several days later, the plaintiff got a call from the Houston Office of the defendant to him in Eunice, Louisiana, suggesting employment, which was favorably received. This culminated in a written contract,— attached to the petition, — for employment of plaintiff by defendant in Scotland, which contract was signed in Houston.
“Employment proceeded, and plaintiff’s checks, at his request, were sent to Eunice, Louisiana.
“After consummation a dispute arose as to final settlement. This was discussed over the phone by defendant in Houston and plaintiff in Eunice. It resulted in a final settlement payment.”
The defendant admits that one of its employees in Scotland made another telephone call to plaintiff in Eunice concerning his employment through the Houston office. However, the record does not reflect any other contacts by the defendant with plaintiff or with anyone else in Louisiana before the termination of plaintiff’s employment in Scotland.
A recent Louisiana Supreme court case, Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La.1977), presents an interesting comparison of what facts are sufficient for minimum contacts for the purpose of the Long Arm Statute and due process requirements. In Adcock there were two sets of defendants, one of which was found to have sufficient contacts in Louisiana and one that did not. The case concerned a contract for the construction of a condominium in Nevada which also provided for payment of *191 plaintiff’s fees for legal services. The contract was negotiated and drafted in Louisiana and the legal services were performed by plaintiff in Louisiana. It was executed by the president of the defendant corporation, who also signed the contract personally, and the plaintiffs client in Baton Rouge. The corporation and its president were held to have sufficient contacts to be considered as transacting business in Louisiana even though the project was to be constructed outside this state. The second set of defendants, who were also parties to the agreement, were never present in Louisiana, directly or indirectly. They did not have an agent in this state and they signed the contract in California. Our supreme court concluded that these defendants were not subject to the jurisdiction of the Louisiana courts as they had insufficient connections with this state.
In Boothe v. Universal Tank and Iron Works, Inc., 360 So.2d 1371 (La.App. 3 Cir. 1978), this court was faced with the question of whether a Louisiana court had jurisdiction over an out of state defendant. The plaintiff, apparently a Louisiana domiciliary, obtained a job in Illinois working on a water tank as a welder. Several days after reporting to work he was injured while working. We determined that the contract was not a Louisiana contract and Louisiana courts did not have jurisdiction. The facts which warranted such conclusion were these:
“Plaintiff testified that he did not go into any office located in Louisiana for the job and that he did not receive an application for employment in Louisiana. He stated that the information required on the company’s application was given to the job foreman at the Illinois site and that the formal application was filled out and submitted to the foreman at the Illinois site. He admitted that the telephone call to Mr. Burnes was initiated in Louisiana. He testified that the call was brief. The only information solicited by Burnes, according to plaintiff, was whether plaintiff was a welder. He also stated that all of the work that he did for the company was done in Illinois, from the date of hiring until the date of injury. He admitted that he gleaned from the telephone conversation that his employment was contingent upon going to Illinois, reporting to the job foreman on the the job site, and demonstrating the ability to weld. Plaintiff did qualify his testimony, however, by stating that he felt that he had the job when he left Louisiana.”
On the basis of the authorities referred to above, we conclude that the contract of employment was not a Louisiana contract and the defendant, King-Wilkinson, Inc., did not have sufficient contacts to be considered as transacting business in Louisiana to subject it to the jurisdiction and power of the courts of this state.
For the foregoing reasons, the judgment of the district court is reversed and it is ordered, adjudged and decreed that the dec-linatory exception to jurisdiction filed herein by defendant, King-Wilkinson, Inc., is sustained and this suit is dismissed. All costs of court, including this appeal, are assessed to the plaintiff.
REVERSED AND RENDERED.