DIXON, Justice.
We granted writs in this case to determine whether foreign corporations were subject to the jurisdiction of the Louisiana courts under the Louisiana “long arm” statutes.
*752 This is a damage suit originally brought by a sawmill employee injured when a stick of wood flew from a "trimmer” — sawmill machinery — and hit him in the head. The plaintiff Fisher died after suit was filed; his widow and children were substituted, and a separate wrongful death action was filed by the widow and children. Numerous defendants were joined in both cases.
In one case plaintiffs’ suit against George P. Dorris Company and Albany Machine and Supply Company was dismissed and the dismissal was affirmed on appeal. See La.App., 246 So.2d 218; 246 So.2d 230.
The minutes of the trial court on June 15, 1967 show that the declinatory exceptions (to the jurisdiction) filed by Dorris and Albany were sustained. The judgment as to the Albany exceptions was signed on October 13, 1967; the judgment on the Dorris exceptions was signed on December 14, 1967. No notice of judgment was served upon the plaintiffs, who filed an application for rehearing on December 14, 1967. There is an order dated December 14, 1967 to the effect that “Thelma Leonard, widow of James Fisher be and is hereby granted a rehearing on her application in the above numbered and captioned cause, on” either the 14th or 15th day of February. The date on the order is unclear. A supplemental memorandum was filed in support of the application for rehearing in which reference is made to all the documentary evidence physically within the record.
A minute entry of February 15, 1968 shows that plaintiffs’ “application for rehearing” was heard and submitted; a minute entry of February 10, 1969 shows that the “motion for rehearing” as to Albany and Dorris was overruled. Obviously, these entries must be construed as reinstating the original judgments on the exceptions. Formal written judgments signed May 21, 1970 confirm this interpretation of the minutes.
The Court of Appeal did not consider a certain deposition and answers to interrogatories, finding that the deposition had been taken and the answers to interrogatories filed subsequent to the rendition of the first judgment sustaining the declinatory exceptions of Dorris and Albany. No blame whatsoever can attach to that court for its mistaken finding. The condition of the record before us fully justifies the confusion that has arisen about what documents should be considered and could be considered in the determination of the issues presented by the declinatory exceptions.
However, we find that a rehearing was granted in this case on December 14, 1967. In addition, the deposition of Lawrason (taken at the instance of Nichols Construction Corporation, another party, on Au *754 •gust 30, 1967), contains the following stipulation :
“ . . . , the said deposition shall be taken and may be used in the said State Court Action pursuant to any of the laws of the State of Louisiana relative thereto, or in any other suit which is the subject of this litigation, namely the injuries of James Fisher.”
In the application for rehearing and in the supplemental memorandum in support ■of the application for rehearing in the trial court, plaintiffs refer to and quote from •the documents which the defendants now ■contend are not properly before us. Nothing in the record indicates that all the documents before us were not before the trial court before it finally disposed of the exceptions,
We conclude that the documents •complained of were properly considered by the trial court before its ruling on the rehearing which it had granted to plaintiffs. (There are no written reasons by the trial judge in the record).
The Albany trimmer was purchased by 'Terrebonne Lumber and Supply Company, Inc. from Albany Machine and Supply ■Company, Albany, Oregon. All equipment •sold by Albany is sold F. O. B. Albany, •Oregon; freight charges are paid by the 'buyer.
Terrebonne solicited by letter a quotation •.from Albany Machine and Supply Company. A price was quoted to Terrebonne by Rene Fritz, president of Albany in Oregon, on October 8, 1964.
Bill D. Ray, an employee of Wilco Machine Works, Inc. (the broker), delivered to Terrebonne, at their office in Houma, a written proposal and quotation covering Albany equipment dated October 23, 1964.
Subsequent telephone conversations took place between Funderburk, president of Terrebonne, and Fritz. Terrebonne received an acknowledgment of the order 'on February 8, 1965. The acknowledgment came from Wilco. On February 11, 1965 Albany wrote to Terrebonne thanking them for their order, and saying that they were “pushing this job” and giving instructions for transmitting any changes in the order. A carbon copy of the Albany letter to Terrebonne was sent to Wilco. There was subsequent correspondence between Albany and Terrebonne.
H. J. Mire, general manager of Terrebonne, stated that the order for the trimmer was placed with Albany, by telephone, in Albany, Oregon. Payment for the trimmer was made by check to Wilco in Memphis. Albany had requested an advance deposit for the order; Terrebonne declined. This could explain the appearance of Wilco.
The trimmer was shipped directly from Oregon to Amite by rail. The shipping weight of the machinery was 40,500 pounds. The freight bill was $1502.55. The sale price of the machinery was $12,958.00.
*756 When trouble developed with the trimmer, demands were made both upon Wilco and Albany by letter dated January 31, 1966.
On one occasion before the accident (April of 1965) and on one occasion subsequent to the accident (May of 1967), Wilco arranged to display and did display sawmill equipment in the municipal auditorium of New Orleans for the Southern Pine Machinery and Equipment Show. Albany supplied the equipment and paid transportation costs and expenses for the display. Wilco provided personnel expenses and display space.
George P. Dorris Company, incorporated in and doing business in Missouri, manufactured a speed reducer which was a part of the trimmer when the accident occurred. The speed reducer was sold by Dorris to Alfred Halliday Company, Louisville, Kentucky; it was used in a product manufactured by Alfred Halliday Company. No other connection between Dorris and this accident has been shown. The Court of Appeal and the trial court were correct in sustaining the declinatory exception as to this defendant.
R.S. 13:3201 provides in pertinent part:
“a court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising,from the nonresident’s
“(a) transacting any business in this, state;
“(d) causing injury or damage in this, state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits, business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;,
Whether we may subject a nonresident to the jurisdiction of our courts depends upon our own statutes and standards, of due process under interpretations of the United States Constitution. In International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the court said “due-process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ ” McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, added: “It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State.” Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, added that there must be “affiliating cir *758 cumstances” in the forum state to satisfy •due process.
Under the facts presented in the case before us, there is no constitutional barrier to the application of Louisiana “long arm” statutes. The requirements of due process have been met. Albany has had “contacts” with this State sufficient to warrant the exercise of our jurisdiction •over it. Under our statute, there was “an •offense or quasi offense committed through an act or omission outside of this state” (possibly the improper manufacture of the ■trimmer). Albany derived “substantial revenue from goods used or consumed or •services rendered, in this state” within the clear meaning of our “long arm” statute .sufficient to subject it to the jurisdiction tof our courts. $12,958.00 is substantial revenue.
There is also jurisdiction under R.S. 13:3471:
“The following rules supplement those •governing the service of citation and •other legal process in a civil action or proceeding contained in the Code of Civil Procedure:
'“(1) If the foreign corporation is not •one required by law to appoint an agent for the service of process, but has engaged in a business activity in this state, service of process in an action or proceeding on a cause of action resulting from such business activity in this state, or for any taxes due or other obligations arising therefrom, may be made on any employee or agent of the corporation of suitable age and discretion found in the state. ...”
Albany has “engaged in a business activity in this state” within the meaning of that statute.
Albany claims that the restricted view of “minimal contacts” as expressed in Riverland Hardwood Co. v. Craftsman Hardwood Lumber Co., 259 La. 635, 251 So.2d 45, should be adopted here. In that case, we were determining the right of our courts to exercise jurisdiction over a nonresident buyer under R.S. 13:3201 (a). Our holding there meant that it would require more “contacts” for our courts to obtain jurisdiction over a nonresident who buys in Louisiana than a nonresident who sells in Louisiana. We there held that due process requirements are different for nonresident buyers and nonresident sellers. The case is not applicable here.
Plaintiffs made application for writs to us in what purported to be two cases, consolidated. We find that in one case, Thelma Leonard et al. v. Albany Machine and Supply Company et al., No. 4608 in the 21st Judicial District Court, No. 8251 in the Court of Appeal, the exceptions upon which we rule today were not filed; as to that case, writs were improvidently granted, and the judgment of the Court of Appeal is reinstated, at plaintiffs’ cost.
*760 In James Fisher v. Albany Machine and Supply Company et al., No. 4431 in the trial court and No. 8250 in the Court of Appeal, for the reasons assigned, the judgment of the Court of Appeal is affirmed in part and reversed in part, at the cost of the defendant, Albany Machine and Supply Company; the declinatory exception filed by Albany Machine and Supply Company is overruled; the declinatory exception filed by George P. Dorris Company is sustained; the case is remanded to the trial court for further proceedings.
McCALEB, C. J., concurs in the result.
SUMMERS, J., concurs in the result.
BARHAM, J., concurs and assigns reasons.