318 So.2d 71 (1975)
KALVAR CORPORATION
v.
GENERAL MICROGRAPHICS.
No. 6936.
Court of Appeal of Louisiana, Fourth Circuit.
August 5, 1975.
Rehearing Denied September 9, 1975.
Writ Refused November 14, 1975.
*72 Chaffe, McCall, Phillips, Toler & Sarpy, Harry McCall, Jr., James P. Farwell, New Orleans, for Kalvar Corp.
Monroe & Lemann, Bat. P. Sullivan, Jr., Richard W. Bussoff, New Orleans, for General Micrographics.
Before SAMUEL, BOUTALL and STOULIG, JJ.
BOUTALL, Judge.
This is an appeal from a judgment sustaining an exception to the jurisdiction ratione personae. Jurisdiction was sought under Louisiana's Long Arm Statute.
The facts are as follows: Plaintiff, Kalvar Corporation is a Louisiana domiciliary with its principal place of business in Orleans Parish. Defendant, General Micrographics, is a Georgia corporation with its principal place of business in Atlanta. Defendant is not qualified to do business in Louisiana, has no agents for service of process in this state, has no employees or agents in the state and does not sell or solicit business in Louisiana.
Sometime prior to July, 1973, Kalvar and General Micrographics entered into long distance communications concerning the sale of film. It appears that General Micrographics was bidding on a U.S. Government contract which included film such as Kalvar manufactured. On July 9, 1973, Mr. Lowery, president of General Micrographics, was invited to New Orleans by Kalvar for the purpose of inspecting the manufacturing facilities and discussing the contract terms. Mr. Lowery, his wife and a General Micrographics technician stayed two days in Louisiana and then returned to Georgia. During their stay some of the contract terms and price were discussed, but no formal agreement was confected. During August of 1973 a Kalvar representative traveled to Atlanta where the contract for the sale of the film was negotiated further, a letter was written setting out the contingency of the sale, based on General Micrographics getting the government bid, and the formal contract was signed.
Kalvar now wishes to subject General Micrographics to the jurisdiction of Louisiana courts by means of our Long Arm Statute, LSA R.S. 13:3201, specifically subdivision (a).
"§ 3201. Personal jurisdiction over nonresidents
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
"(a) transacting any business in this state; * * *". *73 Defendant resists the jurisdiction of our courts on the grounds that it would be a denial of due process as set forth in International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).
The cases of International Shoe and McGee set out the requirement of minimum contacts with the forum state so that the principles of fair play and substantial justice embodied in the due process article of the U.S. Constitution will be met. We note in our own jurisprudence that the requirement of minimum contact is to be applied flexibly utilizing the particular facts of each case. Drilling Eng., Inc. v. Independent Indon. Amer. Pet. Co., 283 So.2d 687 (La.1973). We further note that the requirement of minimum contacts is differently applied by our jurisprudence depending upon whether the nonresident defendant is a seller or a buyer. Fisher v. Albany Machine and Supply Company, 261 La. 747, 260 So.2d 691 (1972) and Riverland Hardwood Co. v. Craftsman Hardwood Lumber Co., 259 La. 635, 251 So.2d 45 (1971).
Kalvar hinges its argument in favor of jurisdiction principally on two cases, Drilling Eng., Inc. v. Independent Indon. Amer. Pet. Co., supra, and Dodson v. Fontenot, 285 So.2d 328 (La.App. 3rd Cir. 1973). Defendant relies upon the case of Riverland Hardwood Co. v. Craftsman Hardwood Lumber Co., supra. We find defendant's argument to be persuasive.
We find plaintiff's cited cases distinguishable on their facts. In Drilling the contract was not a contract for the sale of goods, but rather a contract for services. Also the contract in Drilling was partially performed and much of this performance occurred in Louisiana, thus establishing a continual business activity in the state.
In Dodson the court was construing the Texas Long Arm Statute which is admittedly similar to our own. However, again the facts of that case show much greater contact with the State of Texas than General Micrographics had with Louisiana. In Dodson the nonresident buyer traveled to Texas specifically to purchase, which he did. The sale was completed in Texas and payment made there. Other acts were also done in Texas, such as arranging delivery to Louisiana of the purchased horses and arranging registration and breeding certificates to be delivered to Louisiana.
In this case we are also dealing with a nonresident purchaser of goods, as was the case in Riverland. In that case the defendant sent a mail order into Louisiana and received shipment of the goods in the foreign state. This act was the only contact with the state, absent some evidence of past dealings with other Louisiana lumber dealers. In the case at bar all relevant parts of the transaction occurred either at long distance (the mail order situation) or in Georgia. The only contact with this state was a brief visit here on invitation of plaintiff to inspect plaintiff's physical plant and since Mr. Lowery was here contract terms were discussed, but they were not decided upon in Louisiana.
The facts in this case lead us to the conclusion that General Micrographics, a nonresident purchaser, does not have sufficient minimum contacts with Louisiana to allow us to subject it to our jurisdiction, particularly since the only visit to Louisiana was at the invitation of the seller.
While we find this case is controlled by the principles of law set down in Riverland, we must also note that this case has recently been criticized by various law review commentators. See 34 La.L.Rev. 691 (1974); 18 Loy.L.Rev. 452 (1972); 45 Tul.L.Rev. 1081 (1971). The thrust of their argument against the holding in Riverland is that it is illogical to have a different standard of minimum contacts for nonresident sellers and nonresident buyers for profit. We can readily see that the courts wish to protect the nonresident buyer *74 who buys for his own consumption or use. However, it is difficult to see the need of extending that same protection to the nonresident business purchaser engaged in interstate commerce. It seems to us that the same rule should apply to such purchasers as we apply to business sellers, and the extra protection discussed in Fisher, supra 260 So.2d at page 695, should be granted only to nonresident buyers that are also consumers. However, Riverland admits of no distinction between nonresident buyers and therefore we must follow it as the last expression of the Supreme Court in this area.
For the above reasons we affirm the judgment of the trial court. Plaintiff-Appellant is to pay all costs.
Affirmed.