**Raymond W. SAFFRHAN, Plaintiff,**

v.

**BUCK STEBER, INC. and Murphy Pacific Marine Salvage Company, Defendants.**

**Civ. A. No. 75-2464.**

United States District Court, E. D. Louisiana.

Dec. 23, 1975.

David E. Caruso, Jr., New Orleans, La., for plaintiff.

Francis Emmett, James O. M. Womack, New Orleans, La., for defendant, Murphy Pacific.

Joel L. Borrello, New Orleans, La., Nathan Greenberg, Gretna, La., for defendant, Buck Steber.

ALVIN B. RUBIN, District Judge:

The defendant Murphy Pacific Marine Salvage Co. (Murphy Pacific) has moved to dismiss the complaint against it for lack of personal jurisdiction. The facts are as follows: Murphy Pacific telephoned Buck Steber at its Louisiana office, to get an estimate on diving costs to use in a bid for the Suez Canal clearance job for the Navy. Murphy Pacific got the job, and Buck Steber went to California to present a bid for the diving subcontract. A written

contract was prepared in California and mailed to Louisiana; Buck Steber signed it in Louisiana and then mailed it back to Murphy Pacific, who signed it in California. Murphy Pacific did not send anyone to Louisiana in connection with negotiation, execution or performance of the contract. Pursuant to the contract, Buck Steber sent the plaintiff to Egypt. The plaintiff was injured while attempting to work an anchor line on a vessel in the Suez Canal, and sued Buck Steber and Murphy Pacific on Jones Act and maritime tort claims. Murphy Pacific is a California corporation, and maintains its principal place of business in that state. It maintains no office in Louisiana, and has no agents or employees here. It is not licensed to do business in the state, and has not appointed an agent for service of process. In the past it has done work in the state of Louisiana on several occasions, and received considerable sums in compensation for this work.

Jurisdiction over Murphy Pacific is asserted under La.R.S. 13:3201(a), which provides:

> "A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's (a) transacting any business in this state".[1]

Considerable reliance is placed on the comments of the Louisiana State Law Institute, oft cited by the Louisiana state courts, that the Louisiana long-arm statute was enacted "to tap the full potential of jurisdiction in personam over nonresidents permitted by *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057; and *McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223." See *Fisher v. Albany Machine & Supply Co.*, 1972, 261 La. 747, 260 So.2d 691, 695 (Barham, J., concurring).

This language is often helpful; in construing the statute, courts should adopt a liberal view and resolve doubts in favor of maintaining jurisdiction. But the Louisiana courts have never held that the statutory language may be disregarded and that jurisdiction may be asserted solely on the basis that a denial of due process will not result. It is necessary, therefore, to find a link between the plaintiff's injuries and the defendant's transaction of business in Louisiana.

The scope of the Louisiana statute is developed by the Louisiana jurisprudence. In *Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Co.*, La. 1973, 283 So.2d 687, the Louisiana Supreme Court held the trial court had jurisdiction over a dispute involving a contract to perform services in Indonesia. The principal thrust of the defendant's argument, and the court's opinion, dealt with the constitutional issue whether the assertion of jurisdiction would result in a denial of due process; since the contract had been negotiated in Louisiana, it was never seriously argued that the cause of action did not arise out of the transaction of business in Louisiana.

In *Bergeron v. Sabine Dredging & Construction Co.*, W.D.La.1968, 281 F.Supp. 223, the court maintained jurisdiction over a Jones Act claim asserted against a non-resident defendant. However, the plaintiff had been injured while performing work in furtherance of a contract that the defendant had negotiated in Louisiana.

■ These cases are clearly distinguishable. In both, the lawsuit arose out of a contract that was negotiated in Louisiana; thus the lawsuits arose from the defendants' "transacting any business in this state" within the meaning of the statute. Although Murphy Pacific has in the past transacted business in this state, this partic-

---

1. The other portions of the statute are by their very terms inapplicable. The wrongful act alleged to have caused injury did not take place in Louisiana, and the injury was not sustained here, therefore making subsections (c) and (d) inapplicable. While these sections deal specifically with jurisdiction over actions *ex delicto*, subsection (a) may also be used to assert jurisdiction over delictual causes of action. *Bergeron v. Sabine Dredging & Construction Co.*, W.D.La.1968, 281 F.Supp. 223. *See also Rush v. Matson Navigation Co.*, La.App.3d Cir. 1969, 221 So.2d 265.

ular cause of action did not arise out of that business, but rather out of a contract confected elsewhere. While the company's other contacts with the state may be pertinent in determining whether it would be fair, and hence constitutional, to assert jurisdiction over this defendant in some respects, there must be a logical connexity between those acts and this particular cause of action for the statute to apply. Such a logical connexity does not exist.

█ The relationship between cause of action and the business carried on in the state need not be direct. *Aucoin v. Hansen,* La.App.3d Cir. 1968, 207 So.2d 834. In *Mabry v. Frost Engineering Development Co.,* C.A. No. 74–527, E.D.La., Sept. 11, 1974, this court for oral reasons maintained jurisdiction over a claim arising out of an injury occurring in Texas against a non-resident defendant under La.R.S. 13:3201(a). But the accident arose out of promotional activities of the defendant that were intended to result in sales of its product in Louisiana, and the plaintiff was to supervise those sales in this state. Here there is not even that somewhat tenuous relationship between the cause of action and the defendant's business in the state.

Accordingly, the defendant Murphy Pacific Marine Salvage Company's motion to dismiss is GRANTED.