REDMANN, Judge.
Plaintiff appeals from the dismissal on exception to the jurisdiction over the person of a Texas resident who was the fiduciary established by plaintiff’s employer in Louisiana to effect employee stock purchases through payroll deductions. We conclude the Texan did business in Louisiana and we therefore reverse.
Plaintiff’s employer was a foreign corporation of which the defendant Texan was a vice-president. The corporation supplied printed forms in Louisiana appointing defendant “trustee” to receive the payroll deductions and purchase stock in the open market, with the obligation to deliver the certificates to the employee on written request. The defendant obviously consented to the corporation’s soliciting in Louisiana *965 the execution of the contracts naming himself as fiduciary to receive funds and buy stock. Defendant thus did business in Louisiana “by an agent” and thereby subjected himself to the jurisdiction of Louisiana courts in respect to any cause of action arising from that business; La.R.S. 13:3201(a). His affidavit that he did no business in Louisiana is a mistaken conclusion of law.
Reversed.