GULOTTA, Judge.
We are confronted with the applicability of the Louisiana “long arm statute”.[1]
Plaintiff appeals from a judgment maintaining declinatory exceptions of insufficiency of service of process and of lack of jurisdiction over the person of the defendant filed by a New York-domiciled investment fund company. We reverse.
*1085 The facts are that plaintiff, the divorced wife of a Shell Oil Company employee, filed-suit against her divorced husband for one half of the proceeds received by him from a retirement investment fund when he terminated employment at Shell Oil.[2] The Oil. Company afforded its employees the opportunity to participate, through payroll deductions, in an investment fund administered by Shell Provident Fund, the New York trust company.
Plaintiff alleges that, she obtained a divorce from her husband on May 18, 1966; that the community has never been dissolved; that the Fund is community property and, consequently, she is entitled to one half of the proceeds; that prior to distribution of the proceeds, Shell Oil Company had in its possession knowledge that the parties' had been divorced and knew or should have known of plaintiff’s entitlement to one half of the proceeds of the Fund; and, that this knowledge is imputed from Shell Oil Company as agent to its principal, Shell Provident. Plaintiff prays for an accounting and a money judgment.
Plaintiff seeks to obtain jurisdiction of the nonresident corporation-defendant, Shell Provident Fund, by invoking the pertinent provision of the long arm statute (LSA-R.S. 13:3201):
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of. action arising from the nonresident’s
(a) transacting any business in this state;

The secretary and manager of Shell Provident Fund stated in answers to written interrogatories that Shell Oil Company is not an agent for service of process in Louisiana; that no trustee of Shell Provident Fund is a resident or domiciliary of Louisiana; that the employee-husband of plaintiff made a written application to join the Fund; that Shell Provident Fund is a New York trust designed to provide retirement funds to Shell Oil Company employees after termination of service; and that the Fund has no employees in Louisiana, does not solicit business in Louisiana and has no office in this State. The answers to the interrogatories further point out that the Fund has no securities or assets in Louisiana; has no cash on deposit in this State; is not a Louisiana corporation; and does not make any reports to the State of Louisiana or any of its agencies or subdivisions.
It is plaintiff’s contention, on the other hand, that the answers to the interrogatories disclose that Shell Provident Fund is conducting business in this state through the employees of Shell Oil Company. According to plaintiff, the Fund, through its agent, Shell Oil Company, has sufficient “minimal contacts” to constitute transacting business within the State.
The question whether a nonresident corporation is “transacting any business in this state” is factual and depends on the circumstances of each case. See Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Company, 283 So.2d 687, 690 (La.1973); Kalvar Corporation v. General Micrographics, 318 So.2d 71, 73 (La.App. 4th Cir. 1975), writ refused, 322 So.2d 773 (La.1975).
The salient facts in the instant case are that the employee fills out a “Membership *1086 Application and Payroll Deduction Authorization” form. The employer, Shell Oil, deducts the percentage of the pay as authorized by the employee, matches this amount and forwards the total to the Fund in New York. The. Company contribution is used to purchase Shell Oil Company stock. The employee’s deduction is channelled into an account invested by the Trustees in bonds or debentures or into an account (resembling a mutual fund) invested in common stocks. Information concerning the Fund is distributed by Shell Oil Company in the form of descriptive pamphlets; and employees of Shell Oil Company perform the collection and bookkeeping functions in Louisiana. The Fund does not pay the salaries or expenses of the Shell Oil Company employees who perform these functions. Securities brokers’ commissions are paid by the Company or out of the funds held by the Trustees of the Fund. The Trustees themselves receive no remuneration. The Fund distributes to the employee an annual report of the Fund and an annual statement of the individual member’s account.
In Dimarco v. Sterling Electronics Corporation, 336 So.2d 964 (La.App. 4th Cir. 1976), we held, under circumstances similar to those in the instant case, that a defendant-nonresident trustee subjected himself to Louisiana jurisdiction by doing business in the state through an agent. In Dimarco, the plaintiff’s employer, a foreign corporation doing business in Louisiana, furnished forms to be signed by its employees appointing the nonresident as a “trustee” or fiduciary empowered to purchase Sterling Electronics Corporation stock on the American Stock Exchange with the payroll deductions of the employees. In the cited case, the defendant-trustee was an officer of the employer corporation. There is no indication in the Dimarco record that the trustee received a fee or compensation for his services as trustee which included purchase of the stock and forwarding periodic account-ings to the employee.
In the instant case, as in Dimarco, literature is furnished to employees and bookkeeping functions are performed by the employer-corporation in Louisiana. The 1972 annual report of the Fund reveals that the 12 trustees of the Fund are officers of Shell Oil Company or its affiliate corporations. Though the assets of the Fund are not invested exclusively in Shell Oil Company stock, the trust provisions indicate that Shell Oil stock is, in fact, purchased. Furthermore, Shell Oil obligates itself to indemnify the Provident Fund trustees against claims and liabilities.
When we consider the relationship between Shell Oil and Shell Provident Fund, we find no substantial difference from the relationship between the foreign trustee and the Louisiana resident corporation in the Dimarco case. Accordingly, we conclude that the nonresident trustee, Shell Provident Fund, is “transacting business” in Louisiana through its agent, the Louisiana resident, Shell Oil Company, and, therefore, is within the reach of the “long arm statute”.
We distinguish our facts from those in the landmark decision of the United States Supreme Court in Hanson v. Denckle, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In Hanson, the Court held that the Delaware trustee was not subject to in personam jurisdiction by a Florida court. The settlor of the trust was a Pennsylvania resident who had moved to Florida subsequent to the establishment of the trust. Though the trustees mailed income to the settlor-beneficiary in Florida, the Court found that the record did not disclose any “solicitation of business” in Florida or any act by the trustee “by which . . [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws”. See Hanson, supra, at pages 251 and 253, 78 S.Ct. at page 1240. In Hanson, the arrangements for the creation and the actual creation of the trust were made by a Pennsylvania resident with a Delaware trustee. Florida’s only connection arose when the beneficiary moved to Florida and received income in that state from the Delaware trustee.
*1087 In the instant case, however, the brochures and information relating to the Fund were distributed by Shell Oil in Louisiana; the payroll deductions were made in this state; and, an accounting from, the Fund was sent here to the Louisiana employee. Under the circumstances, we conclude that Shell Provident, through Shell.Oil, its agent, has sufficient contacts to satisfy the due process requirements of in personam jurisdiction. See International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).
Accordingly, the judgment of the trial court maintaining Shell Provident Fund’s declinatory exceptions of insufficiency of ■ service of process and lack of jurisdiction over the person of the defendant is reversed and set aside. The matter is remanded for further proceedings not inconsistent herewith.

REVERSED, SET ASIDE AND REMANDED.

. LSA-R.S. 13:3201 reads as follows:
§ 3201. Personal jurisdiction over nonresidents
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
*1085 (a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business,- or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
(e)having an interest in, using, or possessing a real right or immovable property in this state.”

. Shell Oil Company has been joined as a party defendant.