CURRAULT, Judge.
This matter originated in the Twenty-Ninth Judicial District Court, Parish of St. Charles, wherein the Honorable Mary Ann Vial Lemmon ruled in favor of plaintiffs, dismissing defendants’ declinatory excep *4 tion to in 'personam jurisdiction. We now reverse.
Francois and Gwendolyn Gros filed suit, individually and on behalf of their minor children, for damages stemming from a malignant cancer contracted by Francois Gros allegedly as a result of his exposure to various toxic chemicals and substances while employed at Hooker Chemicals and Plastics Corporation (now known as Occidental Chemical Corporation, a wholly owned subsidiary of Occidental Petroleum Corporation). Numerous parties were made defendants including Dr. Armand Hammer and Mr. A. Robert Abboud, respectively, the chairman of the board and president of Occidental Petroleum Corporation.
Defendants, Abboud and Hammer, filed a declinatory exception to plaintiffs’ petition on the grounds that they lacked sufficient personal contacts with our state so as to enable a Louisiana court to maintain personal jurisdiction over them. This exception was supported by the affidavits of each defendant and that of Paul C. Hebner, Executive Vice-President and Secretary of Occidental Petroleum Corporation. No evidence was introduced by plaintiffs to contradict any of the asserted facts contained in these affidavits.
The declinatory exception was heard by the trial court on September 10, 1984, and by judgment dated September 13, 1984, the exception was overruled. Defendants then filed a notice of intention to apply for supervisory writs to the Fifth Circuit Court of Appeal, State of Louisiana. Said writ application was filed timely on October 1, 1984, and by judgment dated October 10, 1984, the Fifth Circuit Court of Appeal denied the writ application. A petition for supervisory writs was then timely filed with the Louisiana Supreme Court and by judgment dated November 16, 1984, the writ application was granted and the case remanded to the Fifth Circuit Court of Appeal for briefing, argument and an opinion. 460 So.2d 596.
The exclusive basis for plaintiffs’ attempt to obtain jurisdiction over Dr. Hammer and Mr. Abboud is LSA-R.S. 13:3201 et seq., the Louisiana Long Arm Statute.[1] Both Dr. Hammer and Mr. Abboud are nonresidents of this state, so the threshold issue is whether they personally have sufficient contacts with this state so as to enable a Louisiana court to exercise jurisdiction over them.
Over the years, certain general principles in making such determinations have been established:
(1) A resolution of the issue of whether or not a defendant is subject to personal jurisdiction of a court in Louisiana hinges upon a determination of whether or not the defendant has “minimum contacts” with Louisiana which are sufficient to satisfy the defendant’s rights to due process of law under the United States and Louisiana constitutions. Latham v. Ryan, 373 So.2d 242 (La.App. 3d Cir.1979); International Shoe Company v. State of Washington, 326 U.S. 310 66 S.Ct. 154, 90 L.Ed. 95 (1945).
*5 (2) Whether or not a particular defendant has minimum contacts with the state is to be determined from the facts and circumstances peculiar to each separate case. Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Company, 283 So.2d 687 (La.1973).
(3) This test requires that the particular contacts that the nonresident defendant has with the state be such that the maintenance of the suit does not offend “traditional notions of fair play and substantial justice”. Latham, supra.
The affidavit executed by Dr. Hammer stated the following:
(1) Dr. Hammer has been a resident and domiciliary of the State of California since 1956.
(2) He has never had any residence in the State of Louisiana.
(3) He has never had any business office in the State of Louisiana.
(4) He has never engaged in any business activity in the State of Louisiana.
(5) He has never contracted to supply any services in the State of Louisiana.
(6) He has no interest in any real property in the State of Louisiana.
(7) He does not now nor has he ever derived any personal income directly related to any personal business activities in the State of Louisiana.
Mr. Abboud’s affidavit recites the same basic facts, except that Mr. Abboud has been a resident and domiciliary of the State of California only since 1980, and that prior to that he was a resident and domiciliary of the State of Illinois.
Mr. Hebner’s affidavit indicates that Dr. Hammer was a director of Occidental Chemical Corporation only from 1968 to February of 1973. He was never an officer or an employee. Plaintiff did not begin his employment with Occidental Chemical Corporation until April of 1973, some two months after Mr. Hammer resigned his directorship. Mr. Hebner’s affidavit further indicates Mr. Abboud has never had any direct business relations with Occidental Chemical Corporation.
It is clear, after a complete review of the record, that neither Dr. Hammer nor Mr. Abboud, individually, have sufficient minimum contacts with this state so as to justify the exercise of personal jurisdiction over them. Defendants have amply demonstrated a complete lack of sufficient minimum contact which plaintiffs have failed to contradict.
Accordingly, the judgment denying defendants’ exception to in personam jurisdiction, dated September 13,1984, is hereby reversed and defendants, Dr. Armand Hammer and Mr. A. Robert Abboud, are hereby individually dismissed from the instant suit. This matter is now remanded back to the district court for further proceedings not inconsistent with this judgment. Each party is to pay its own costs of this appeal.
REVERSED AND REMANDED.

. LSA-R.S. 13:3201:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
a. transacting any business in this state;
b. contracting to supply services or things in this state;
c. causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
d. causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
e. having an interest in, using or possessing a real right or immovable property in this . state, or;
f. nonsupport of a child or spouse or former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state;
g. parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.”