Dear Mr. Stockstill:
On behalf of the Public Retirement Systems' Actuarial Committee ("PRSAC"), the opinion of this office was requested concerning the procedure set forth in R.S. 11:103 (C) to determine the "net actuarially required employer contribution" for the Sheriffs' Pension and Relief Fund ("SPRF") for the upcoming fiscal year. As you advised, R.S. 11:103 (C)(2)(b) (iii) states that the fixed portion of the net direct employer contribution for the SPRF is 6%; however, the actuary for SPRF recommended using a different rate (5%) based upon the calculation set forth in the statute. The actuary members of PRSAC agreed that the 5% rate would be actuarially sound. Your question is:
 Whether R.S. 11:103 (C)(2)(b)(iii) requires the fixed portion of the net direct employer's contributions to be set at 6% under any and all circumstances; or whether 6% is a target rate which can be modified when the algebraic formula set forth in the opening Paragraph of R.S. 11:103
(C) determines, after adding and subtracting all of the elements of gross employer contributions set forth in R.S. 11:103, that a lower amount can be contributed without causing the subject retirement system to experience an adverse actuarial affect? In other words, can PRSAC use 5% instead of 6% in determining the fixed portion of the net direct employer contributions?
Laws must be construed as a whole, and each part must be given effect where such result can be reasonably achieved; it cannot be presumed that meaningless clauses and phrases were enacted.Pickering v. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir. 1983). An act as a whole is to be so interpreted if possible that no clause, sentence or word shall be superfluous or meaningless. CHF Finance Co. v. Jochum, 241 La. 155, 127 So.2d 534
(1961). Meaning should be given, if possible, to every section of a statute; no portion of law should be so construed as to render another inoperative. Fisher v. Albany Machine SupplyCo., 246 So.2d 218 (La.App. 1st Cir. 1971), writ issued248 So.2d 332, 258 La. 905, affirmed in part, reversed part 260 So.2d 691,261 La. 747.
Thus, section (C)(2)(b)(iii) must be read in context with the entirety of Section C, which provides as follows:
 C. The net direct actuarially required employer contribution for each fiscal year, commencing with fiscal year ending 1990, shall be that dollar amount equal to the contribution rate specified in Subparagraph (2)(b) of Subsection C, if any, increased by the cost itemized in Paragraph C(1), reduced by the contributions itemized in Paragraph C(2):
 (1) Elements of cost contained in the gross required employer contribution include the employer's normal cost for that fiscal year, computed as of the first of the fiscal year using the system's actuarial funding method as specified in R.S. 11:22 and taking into account the of employee contributions, including interest thereon, such normal cost projected to the middle of the fiscal year at the assumed actuarial interest rate.
 (2) Elements of the gross employer contributions:
 (a) Dedicated ad valorem taxes and revenue sharing funds.
 (b) Fixed portion of the net direct employer's contributions:
(iii) Sheriffs' Pension and Relief Fund — 6%
 (c) Dedicated assessments against insurers. Such amounts, excluding amounts paid for funding of mergers, to be the lesser of available funds or cost stated in C(1) reduced by contributions stated in C(2)(a) and C(2)(b) but in no event shall be less than zero.
As shown on the attached algebraic description, the 6% set forth in Section 103 (C)(2)(b)(iii) is merely one component of an involved calculation. When the statute is read as a whole and the calculation required by the statute is made, it is clear that under certain circumstances the net direct actuarially required employer contribution for the SPRF may be different than 6%. Using the numbers supplied by the SPRF actuary, the net direct actuarially required contribution for SPRF is not 6%, but rather is 5.07%.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _______________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/ Attachment
ALGEBRAIC CALCULATION OF R.S. 11:103C*
Net Direct Employer Rate = C(2)(b) + C(1) — C(2)
For sheriffs: C(2)(b) = 6%
C(1) = Gross Required Employer Contribution Rate
C(2) = C2 (a) + C2 (b) + C2 (c)
C(2)(a) = ad valorem taxes and revenue sharing
C(2)(b) = 6%
C(2)(c) = insurance premium tax funds
The 1996 valuation for the SRPF determined that:
Gross Employer Contribution Rate = 8.05% of payroll
Ad Valorem Taxes = 2.78% of payroll
Revenue Sharing = 0.20% of payroll
 Insurance Premium Tax Funds = [C(1) — C(2)(a) — C(2)(b), but not less than zero]
 = [Gross Empl'r Cont.- Ad Val. — Rev. Shar. — 6%]
= 8.05% — 2.78% — 0.02% — 6%
= 0%
Thus,
Net Direct Employer Rate = C(2)(b) + C(1) — C(2)
 = 6% + Gross Required Employer Contribution Rate — [ad val. rev. sharing + 6% + ins. premium tax funds]
= 6% + 8.05% — [2.78% + 0.20% + 6% — 0%]
= 14.05% — 8.98%
= 5.07%
* This algebraic description was prepared in substantially this form by the SPRF ACTUARY.